**Gerald JARVIS and Ann Marie Jarvis, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–CV–70380–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

July 24, 1995.

Neal Nusholtz, Royal Oak, MI, for plaintiffs.

Doris D. Coles, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

*ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT*

HACKETT, District Judge.

Plaintiffs Gerald Jarvis and Ann Marie Jarvis filed this action seeking a tax refund in the amount of $11,396.78. Plaintiffs have filed a motion for summary judgment. The government opposes plaintiffs' motion and has filed a cross-motion for summary judgment. For the reasons stated below, the government's motion shall be granted and plaintiffs' motion shall be denied.

#### BACKGROUND

Plaintiffs brought a wrongful death action against Providence Hospital (Providence) to recover damages arising out of the death of their stillborn daughter. *Jarvis v. Providence Hosp.*, 178 Mich.App. 586, 444 N.W.2d 236 (1989). Their daughter died in utero eight months into Ann Marie Jarvis' pregnancy as a result of the hepatitis she con-

tracted while employed at defendant's laboratory. The case proceeded to trial in Wayne County Circuit Court. The jury found that Providence was negligent in failing to treat the hepatitis and in understating the risk of hepatitis infection that existed after plaintiff Ann Marie Jarvis cut her finger in Providence's laboratory on a vial containing a bilirubin control substance. The jury's verdict found Providence liable in the amount of $400,000. The wrongful death action settled for a total amount of $815,000 which included costs, interest, and attorney fees. The total amount was specifically broken down by the court as follows:

Judgment amount: $400,000
Costs incurred: $ 40,000
Interest accrued: $375,000

The court's order specifically stated that none of the settlement was being received by the decedent's estate for conscious pain and suffering. According to the court's order, those persons suffering a loss as a result of the death of the deceased were Gerald Jarvis, father, and Ann Marie Jarvis, mother. The court ordered that the wrongful death proceeds be disbursed as follows:

To: Lopatin, Miller, Freedman, Bluestone, Erlick Rosen, & Bartnick, P.C. as reimbursement of costs— $ 16,054

To: Lopatin, Miller, Freedman, Bluestone, Erlick Rosen, & Bartnick, P.C. as attorney fees— $266,315

To the following persons as loss of companionship and loss of society:

To: GERALD JARVIS, father $266,315.50
ANN MARIE JARVIS, mother $266,315.50

Plaintiffs failed to report any of the wrongful death proceeds when they initially filed the federal income tax return for 1989. On April 16, 1990, plaintiffs filed an amended return reporting $266,924 of the $375,000 of interest as income and paid the related taxes. On September 20, 1991, plaintiffs filed a refund claim for taxes paid with respect to the interest income previously reported on the amended return. Plaintiffs maintain that the interest is income to the estate of the deceased rather than income to them. Plaintiffs further maintain that the attorney fees for the wrongful death action are deductible by the estate. The Commissioner, on the other hand, allocated the total amount of $375,000 as interest income to the plaintiffs and allowed a miscellaneous itemized deduction, subject to the two-percent floor provided by I.R.C. § 67, for attorney fees attributable to the interest portion of the wrongful death proceeds. The matters now before the court are the parties' cross-motions for summary judgment. Neither party requested oral argument.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

"[T]he standard for determining whether summary judgment is appropriate is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co. Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10 (emphasis in original).

The Sixth Circuit has held that trial courts considering a motion for summary judgment may not make findings of fact. The movant must conclusively show "that there exists no genuine issues as to a material fact and that the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion." *Watkins v. Northwestern Ohio Tractor Pullers Ass'n*, 630 F.2d 1155, 1158 (6th Cir.1980) (citations omitted). The substantive law governs the determination of which facts are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The non-moving party to a summary judgment motion cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

## DISCUSSION

The Wayne County Circuit Court awarded $375,000 in interest in the wrongful death action filed by Gerald Jarvis and Ann Marie Jarvis for the loss of companionship and society of their stillborn daughter. The government argues that the interest awarded in the wrongful death action is taxable to the income of the parents, not to the estate of the deceased. Plaintiffs, on the other hand, contend that the interest is taxable to the deceased's estate, not to their personal income taxes. The government also contends that any deduction for related attorney fees is properly reported on the income tax return of the parents which is subject to a reduction to two-percent of their adjusted gross income as provided by I.R.C. § 67. Plaintiffs oppose reporting the deduction on their income tax return and argue that the deduction should have been taken on the decedent's estate taxes where the two-percent reduction would not apply.

The government is entitled to summary judgment. The relevant undisputed facts establish that the Commissioner properly allocated the total amount of $375,000 as interest income to the plaintiffs and properly allowed a miscellaneous itemized deduction, subject to the two-percent floor provided by I.R.C. § 67, for attorney fees attributable to the interest portion of the wrongful death proceeds.

### A. Interest Income

■ The parties do not dispute that the interest portion of the wrongful death proceeds is taxable as income. *See* I.R.C. § 61(a)(4); *Kovacs v. Commissioner*, 100 T.C. 124, 1993 WL 46512 (1993), *aff'd*, 25 F.3d 1048 (6th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 424, 130 L.Ed.2d 338 (1994); *Church v. Commissioner*, 80 T.C. 1104 (1983). It is also undisputed that none of the wrongful death proceeds were awarded to the estate of the deceased. The wrongful death proceeds were awarded to the parents to compensate them for their loss. As such, any taxable income realized by the parents' recovery is taxable to them. Contrary to plaintiffs' arguments, the terms of the Michigan wrongful death statute further indicate that the interest from the wrongful death proceeds are taxable to the plaintiffs rather than to decedent's estate. The Michigan wrongful death statute, M.C.L. § 600.2922 provides:

> *Death by wrongful act; action for damages; liability.*
> Sec. 2922. (1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain

an action and recover damages, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.

(2) Actions brought by personal representative; service of complaint and notice to persons entitled to damages, limitation of time. Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased person. Within 30 days of the commencement of an action, the personal representative shall serve a copy of the complaint and notice as prescribed in subsection (4) upon the person or persons who may be entitled to damages under subsection (3) in the manner and method provided in the rules applicable to probate court proceedings.

(3) Restrictions as to those entitled to damages. Subject to section 251 of the revised probate code, Act No. 642 of the Public Acts of 1978, being section 700.251 of the Michigan Compiled Laws, the person or persons who may be entitled to damages under this section shall be limited to any of the following who suffer damages and survive the deceased:

(a) The deceased's spouse, children, descendants, parents, grandparents, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased.

(b) The children of the deceased's spouse.

(c) Those persons who are devisees under the will of the deceased, except those whose relationship with the decedent violated Michigan law, including beneficiaries of a trust under the will, those persons who are designated in the will as persons who may be entitled to damages under this section, and the beneficiaries of a living trust of the deceased if there is a devise to that trust in the will of the deceased.

(4) Requirements of notice. The notice required in subsection (2) shall contain the following:

(a) The name and address of the personal representative and the personal representative's attorney.

(b) A statement that the attorney for the personal representative shall be advised within 60 days after the mailing of the notice of any material fact which may constitute evidence of any claim for damages and that failure to do so may adversely affect his or her recovery of damages and could bar his or her right to any claim at a hearing to distribute proceeds.

(c) A statement that he or she will be notified of a hearing to determine the distribution of the proceeds after the adjudication or settlement of the claim for damages.

(d) A statement that to recover damages under this section the person who may be entitled to damages must present a claim for damages to the personal representative on or before the date set for hearing on the motion for distribution of the proceeds under subsection (6) and that failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

(5) Proposed settlement of claim by personal representative; hearing. If, for the purpose of settling a claim for damages for wrongful death where an action for those damages is pending, a motion is filed in the court where the action is pending by the personal representative asking leave of the court to settle the claim, the court shall, with or without notice, conduct a hearing and approve or reject the proposed settlement.

(6) Award of damages; consideration of expenses including pain and suffering, loss of financial support and companionship; procedure for distribution. In every action under this section the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses

for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The proceeds of a settlement or judgment in an action for damages for wrongful death shall be distributed as follows:

(a) The personal representative shall file with the court a motion for authority to distribute the proceeds. Upon the filing of the motion, the court shall order a hearing.

(b) Unless waived, notice of the hearing shall be served upon all persons who may be entitled to damages under subsection (3) in the time, manner, and method provided in the rules applicable to probate court proceedings.

(c) If any interested person is a minor, a disappeared person as defined in section 4 of the revised probate code, Act No. 642 of the Public Acts of 1978, being section 700.4 of the Michigan Compiled Laws, or a legally incapacitated person for whom a fiduciary is not appointed, a fiduciary or guardian ad litem shall be first appointed, and the notice provided in subdivision (b) shall be given to the fiduciary or guardian and litem of the minor, disappeared person, or legally incapacitated person.

(d) After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the

estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as provided in the special verdict.

(e) If none of the persons entitled to the proceeds is a minor, a disappeared person, or a legally incapacitated person and all of the persons entitled to the proceeds execute a verified stipulation or agreement in writing in which the portion of the proceeds to be distributed to each of the persons is specified, the order of the court shall be entered in accordance with the stipulation or agreement.

(7) Claim for damages, time period; failure to present claim. A person who may be entitled to damages under this section must present a claim for damages to the personal representative on or before the date set for hearing on the motion for distribution of the proceeds under subsection (6). The failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

(8) Claimant's requirement to advise attorney of personal representative, time limitation; right to claim barred for failure to advise. A person who may be entitled to damages under this section shall advise the attorney for the personal representative within 60 days after service of the complaint and notice as provided for under subsection (2) of any material fact of which the person has knowledge and which may constitute evidence of any claim for damages. The person's right to claim at a hearing any proceeds may be barred by the court if the person fails to advise the personal representative as prescribed in this subsection.

(9) Settlement of claim; applicable procedures to distribution. If a claim under this section is to be settled and a civil action for wrongful death is not pending under this section, the procedures prescribed in sections 221 and 222 of the revised probate code, Act No. 642 of the Public Acts of 1978, being sections 700.221 and 700.222 of the Michigan Compiled Laws, shall be applicable to the distribution of the proceeds.

Damages under the wrongful death statute may include survival damages and wrongful death damages. M.C.L. § 600.2922(6). Survival damages means compensation for pain and suffering by the deceased while conscious between the time of injury and death. *Id.* Wrongful death damages include compensation for the loss of financial support and the loss of the society and companionship of the deceased. *Id.* Damages may also include reasonable medical hospital, funeral, and burial expenses for which the estate is liable. In the instant case, the plaintiffs' cause of action was clearly premised upon the wrongful death element of the Michigan statute, rather than the survival element. Indeed, the order of distribution by the Wayne County Circuit Court specifically provided that none of the wrongful death proceeds would be paid to the estate. Rather, the order of distribution provided that the persons suffering a loss as a result of the death of the deceased were plaintiffs Gerald Jarvis and Ann Marie Jarvis. It is clear that the wrongful death action was maintained on behalf of and specifically benefitted the plaintiffs. There was no recovery by the estate and none of the wrongful death proceeds passed through the estate. Thus, plaintiffs are required to report the interest on their income tax return.

## B. *Attorney Fees*

Plaintiffs argue that the attorney fees awarded are deductible as administrative expenses of decedent's estate. The government, on the other hand, argues that the attorney fees in this case are only deductible to the extent they were incurred for taxable income. *See Kovacs, supra, Church v. Commissioner, supra.* The court agrees with the government's position.

The portion of the judgment ($400,-000) awarded to plaintiffs for the death of the decedent is exempt under I.R.C. § 104(a)(2). To the extent the attorney fees are allocable to the exempt income, they are non-deductible. *See* I.R.C. § 265(a)(1). To the extent

the attorney fees are attributable to the taxable interest income received, they are deductible under I.R.C. § 212. The deduction for attorney fees is apportioned among the exempt and non-exempt portions of the wrongful death award. *See Kovacs, supra; Church v. Commissioner, supra.* As discussed above, the wrongful death action was maintained for the benefit of the plaintiffs in this case and the plaintiffs are the parties that properly should report the interest income awarded in the wrongful death action. Thus, the deduction for attorney fees incurred for litigation on the plaintiffs' behalf belongs to the plaintiffs, not to decedent's estate. Further, the plaintiffs are entitled to a miscellaneous itemized deduction, subject to the two-percent floor provided by I.R.C. § 67, for attorney fees attributable to the interest portion of the award.[1]

For the reasons discussed above, plaintiffs' motion for summary judgment hereby is DENIED and the government's cross-motion for summary judgment hereby is GRANTED.

SO ORDERED.

---

1. Based upon the court's determination that interest on the wrongful death action is income attributable to plaintiffs, plaintiffs' argument that the attorney fees are expenses of the estate would provide no benefit to them. A determination that the attorney fees are an expense of the estate would only serve to disallow the deduction for such expenses currently allowed to plaintiffs.